IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TRISHA MAKELA,

    Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.; JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; TD BANK USA, N.A.; and DOES 1 through 100, inclusive,

    Defendants.

Case No. 6:21-cv-00386-MC

**OPINION & ORDER**

**MCSHANE,** United States District Judge:

    Plaintiff Trisha Makela alleges Defendants JPMorgan and TD Bank[1] violated the Fair Credit Reporting Act ("FCRA") by inaccurately reporting her debt and then failing to reasonably investigate her dispute of that debt. Plaintiff argues that Defendants reporting her accounts each month as "charged off," a designation by creditors which signals a debt is unlikely to be paid, is patently incorrect and misleading because an account can be charged off only once. Defendants each move to dismiss, ECF Nos. 18, 30, arguing they accurately reported Plaintiff's debt. Because Defendants' reporting of Plaintiff's accounts with recurring charge offs was neither patently incorrect nor misleading, both Motions to Dismiss are GRANTED with leave to amend.

---

[1] The Court hereinafter refers to JPMorgan and TD Bank collectively as "Defendants."

1 – OPINION AND ORDER

**BACKGROUND**

Plaintiff filed for Chapter 7 bankruptcy in June 2020, resulting in a discharge of her credit accounts with Defendants in September 2020. Pl.'s Compl. ¶ 2, 10, ECF No. 1; Kiolbasa Decl. Ex. 1, at 1, ECF No. 19.[2] Following discharge, Plaintiff ordered a credit report to "ensure proper reporting by Plaintiff's creditors." Pl.'s Compl. ¶ 56. Plaintiff found that her accounts with Defendants were listed with several "charge offs." *Id.* ¶ 57, 59. A creditor "charges off" a debt when it treats an account receivable "as a loss or expense because payment is unlikely." *Charge Off*, Black's Law Dictionary (11th ed. 2019). Plaintiff alleges that reporting multiple charge offs for one account is inaccurate because "a debt can only be charged off one time." Pl.'s Compl. ¶ 64–66. Plaintiff disputed these inaccuracies and requested her accounts be updated. *Id.* ¶ 58–59.

Plaintiff ordered a second credit report in February 2021. *Id.* ¶ 63. The second report revealed that both Defendants continued to report Plaintiff's accounts as a charge off. *Id.* ¶ 64–66, 76. JPMorgan reported a charge off for each month from December 2019 through April 2020, while TD Bank did the same from November 2019 through May 2020. *Id.* Plaintiff alleges that the frequency of this reporting negatively impacted her credit score, which "adversely affected Plaintiff when potential lenders were making credit decisions." *Id.* ¶ 68, 72, 78, 82.

Plaintiff brings this action against Defendants under 15 U.S.C. § 1681s-2(b), alleging their inaccurate reporting and subsequent unreasonable investigation of the disputed debt violated the FCRA. Defendants each move to dismiss, arguing their reporting of Plaintiff's debt was neither incorrect nor misleading.

---

[2] "In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). A court may take judicial notice of matters of public record. *See* Fed. R. Evid. 201; *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). Accordingly, the Court takes judicial notice of Plaintiff's Chapter 7 Bankruptcy.

2 – OPINION AND ORDER

**STANDARD OF REVIEW**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Factual allegations must "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and present more than "the mere possibility of misconduct," *Iqbal*, 556 U.S. at 678.

While considering a motion to dismiss, the Court must accept all allegations of material fact as true and construe them in the light most favorable to the non-movant. *Burgert v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless the court "determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

**DISCUSSION**

The purpose of the FCRA is "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009) (quoting *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 53 (2007)). To effectuate its purpose, the FCRA imposes duties on credit reporting agencies and on "furnishers" of credit information, like Defendants here. *Id.* at 1153–54. A furnisher cannot report "any information relating to a consumer to any consumer reporting agency if [the furnisher] knows or has reasonable cause to believe that the information is

inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A). If a consumer disputes reported information, the furnisher, upon receiving notice of the dispute, must conduct a reasonable investigation and report its findings to the credit reporting agencies. *Gorman*, 584 F.3d at 1156–57.

Consumers may bring a private right of action under the FCRA against a furnisher who, after receiving notice of a dispute, fails to conduct a reasonable investigation or continues to provide inaccurate information following the investigation. *Id.* at 1162 (citing 15 U.S.C. § 1681s-2(b)). "[A] credit entry can be 'incomplete or inaccurate' within the meaning of the FCRA 'because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'" *Id.* at 1163 (quoting *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 895 (5th Cir. 1998)).

Plaintiff argues it is both patently incorrect and misleading for Defendants to report her accounts as charged off on a recurring basis. Pl.'s Opp'n Mot. Dismiss 3, ECF No. 22. Plaintiff claims that because an account can be charged off only once, it is patently incorrect to continue reporting the charge off each month following the initial charge off event. *Id.* at 5. Plaintiff further claims that reporting recurring charge offs is misleading because it negatively impacts her credit score, which in turn adversely affects her ability to obtain credit. *Id.* at 5–6. Defendants respond that reporting an account, which has in fact been charged off, with a recurring charged off status is neither incorrect nor misleading, and conforms with the industry understanding of charge offs. Def.'s Mot. Dismiss 6–7, ECF No. 18; Def.'s Mot. Dismiss 8–10, ECF No. 30.

"Charge off" is a term of art for credit providers, understood as writing off a debt as a loss because payment is unlikely. *See Charge Off*, Black's Law Dictionary (11th ed. 2019). Banks under the purview of the Federal Reporting Agency, like Defendants here, are required to charge off delinquent accounts after 180 days or else their balance sheets would "misleadingly

reflect accounts as assets that have little chance of achieving their full valuation." *Artemov v. Transunion LLC*, No. 20-cv-1892, 2020 U.S. Dist. LEXIS 159267, at *3 (E.D.N.Y. Sept. 1, 2020). The FCRA allows credit reporting agencies to retain a charged off notation for a debt on a consumer's credit report for up to seven years. 15 U.S.C. § 1681c(a)(4).

Plaintiff's argument conflates the initial charge off event with the continued reporting of an account's status as charged off. A consumer's debt does not simply disappear when a creditor charges off her debt. *See Artemov*, 2020 U.S. Dist. LEXIS 159267, at *9 (explaining that charging off a debt "does not diminish the legal right of the original creditor to collect the full amount of the debt."). Plaintiff does not dispute that her accounts with Defendants were in fact charged off. And while the charge off event occurs once, a bank's reporting of an account as charged off on a recurring basis only shows that the outstanding debt has yet to be repaid. It does not indicate that the account has been charged off multiple times, as Plaintiff suggests. *See id.*, at *12 ("Merely listing a past due balance . . . for a charged off account is quite different than incorrectly reporting a future monthly responsibility when such requirement no longer exists.").

Several district courts have rejected Plaintiff's argument that reporting recurring charge offs is incorrect or misleading such that it violates the FCRA. *See Nichols v. Credit Union One*, No. 17-cv-02337, 2020 U.S. Dist. LEXIS 180491, at *10 (D. Nev. Sept. 30, 2020) ("There is no evidence that reporting charge-offs on a single tradeline in consecutive months would be 'misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'"); *Barakat v. Equifax Info. Servs., LLC*, No. 16-10718, 2017 U.S. Dist. LEXIS 138308, at *7–8 (E.D. Mich. Aug. 29, 2017) ("Plaintiff offers no authority to support his assertion that charge-offs can only be listed once, or that listing the charge-off in multiple months created an inaccuracy or is misleading in any way."); *Shaw v. Equifax Info. Sols., Inc.*,

5 – OPINION AND ORDER

204 F. Supp. 3d 956, 961 (E.D. Mich. 2016) ("[T]here is nothing to indicate, as Plaintiff intimates, that anyone would believe there has been more than one charge off because, as all parties agree, there is only one charge off event.").

The Ninth Circuit also recently opined that "[t]he report of multiple charge-offs does not support a plausible claim under [the FCRA] because [the plaintiff] failed to plead that anyone would believe that the account had been charged off more than once. . . . It is undisputed that an account can be charged off only once." *Steinmetz v. Am. Honda Fin. Corp.*, 835 F. App'x 199, 201 (9th Cir. 2020) (citation omitted). While this opinion is unpublished, and therefore not binding precedent, it provides another example of a court rejecting Plaintiff's argument that reporting recurring charge offs violates the FCRA.

Plaintiff urges the Court to follow the reasoning in *Wilson v. Equifax Info. Servs., LLC*, No. 19-cv-00055, 2020 U.S. Dist. LEXIS 92661, at *12 (D. Nev. May 27, 2020), where the district court found the plaintiff adequately pled an FCRA claim by alleging "inaccuracies in the form of multiple charge-offs, the exclusion of positive data, and inaccurate bankruptcy inclusion dates." However, the court in *Wilson* listed multiple potential inaccuracies by the defendants, some concerning reporting of the plaintiff's bankruptcy, which allowed the plaintiff's claims to survive a motion to dismiss. Here, Plaintiff alleges only one potential inaccuracy, the recurring charge off issue, unrelated to her bankruptcy, which other district courts and the Ninth Circuit have flatly rejected as an FCRA violation.

Plaintiff argues that her case is distinguishable from *Steinmetz* and the above district court cases because she explains how multiple charge offs adversely affect her credit score. Pl.'s Opp'n Mot. Dismiss 9, ECF No. 32. Plaintiff claims that repeated charge offs increase the recency and frequency of negative reporting, which decreases a consumer's credit score. *Id.* The

decrease in credit score in turn harms a consumer's ability to obtain credit, as "most lenders and employers only review a consumer's FICO Score . . . in order to make determinations on credit or employment." *Id.*

Plaintiff's allegations regarding a decrease in credit score are speculative, conclusory, and do not give rise to a claim under the FCRA. Plaintiff offers extensive information on credit score calculations in general yet fails to show that the recurring charge offs had any impact on her own credit score. But even assuming the charge offs did lower Plaintiff's credit score, Plaintiff still has not shown that Defendants' reporting is either patently incorrect or misleading.

Plaintiff attempts to show that reporting multiple charge offs is misleading by alleging the charge offs cause a decrease in credit score, and most creditors and employers look at a consumer's credit score when deciding to lend credit. But Plaintiff fails to show that the charge offs misled any particular reader of her credit report or could be expected to result in an adverse credit decision against her. And Plaintiff would likely have difficulty doing so. As both courts in *Shaw* and *Steinmetz* noted, it is unclear how any reader of Plaintiff's credit report could be misled into believing that multiple charge offs occurred when it is undisputed that a charge off occurs only once.

Further, Plaintiff's credit score legal theory attempts to expand Defendants' obligations under the FCRA. There is no affirmative duty on data furnishers to ensure that generators of FICO credit scores, when using otherwise accurately reported information, produce accurate credit score results. *See Baker v. Capital One Bank*, No. CV 04-1 192-PHX, 2006 U.S. Dist. LEXIS 62053, at *10 (D. Ariz. Aug. 29, 2006). Plaintiff offers no authority to suggest that a decrease in credit score based on accurately reported charge offs gives rise to a claim against data furnishers under the FCRA. Indeed, such a claim appears beyond the scope of the statute.

7 – OPINION AND ORDER

Plaintiff therefore fails to demonstrate that Defendants' reporting of recurring charge offs is patently incorrect or misleading under the FCRA.

## CONCLUSION

For the reasons stated above, both JPMorgan and TD Bank's Motions to Dismiss, ECF Nos. 18, 30, are GRANTED and Plaintiff's claims as to JPMorgan and TD Bank are DISMISSED without prejudice. Out of an abundance of caution, the Court grants Plaintiff leave to amend, allowing Plaintiff to demonstrate that the recurring charge offs misled any reader of her credit report or could be expected to result in an adverse credit decision against her.

IT IS SO ORDERED.

DATED this 4th day of November 2021.

                                                  s/Michael J. McShane
                                                  **Michael J. McShane**
                                                  **United States District Judge**